Argued May 3, reversed and remanded May 23, 1977

In the Matter of the Estate of Edward R. Jarvis,
Deceased.
LEPPANEN, *Appellant,*
*v.*
BARBER, *Personal Representative-Respondent.*
(No. 22049, CA 7111)
564 P2d 740

Robert L. Ackerman, Springfield, argued the cause for appellant. On the brief were William A. Babcock and Babcock & Ackerman, Springfield.

Allan L. Schneider argued the cause for personal representative-respondent. With him on the brief was Barber & Schneider.

Before Schwab, Chief Judge, and Tanzer and Johnson, Judges.

JOHNSON, J.

**JOHNSON, J.**

This is an appeal from the trial court's order denying appellant's petition for amendment of the decree of final distribution of the decedent's estate. Both the decree and the final account contain a provision pursuant to a specific devise in the will that appellant and others were to receive partial interests in certain property of the deceased. The provision is silent concerning the disposition of the income since death from the property. Another provision of the decree provided:

> "All of the remaining assets, consisting of the following:
>
> "49 shares of Hudson Bay Oil & Gas Co. common stock
>
> "53 shares of Continental Oil Company stock
>
> "Cash on hand
>
> "Remaining balance due on decedent's $1/12$ interest in the contract of sale in South Dakota
>
> "shall be distributed to Gertrude M. Jarvis, widow [the residuary legatee]."

The final account further indicates that the cash on hand after paying the remaining expenses of administration would be less than the amount of income attributable to the specific legacies.

Appellant was mailed a copy of the final account on April 9, 1976 and was notified that objections must be filed no later than May 3, 1976. Having received no objections, the decree was entered on May 6, 1976. On June 8, 1976 appellant was tendered a receipt for her distributive share which according to her was the first time she discovered she would not receive any of the income from the property earned during the period of administration. Immediately thereafter she objected to the personal representative, relying on ORS 116.007(2)(a)[1] and requested a proportionate share of

---

[1] ORS 116.007(2)(a) provides:

"To specific legatees and devisees, the income from the property

the income. The personal representative declined. Appellant thereupon filed her motion for amendment of the decree.

The trial court concluded that it had no discretion to grant the motion, relying on ORS 116.113(4) which provides:

> "The decree of final distribution is a conclusive determination of the persons who are the successors in interest to the estate and of the extent and character of their interest therein, subject only to the right of appeal and the power of the court to vacate the decree."

Although appellant cast her motion as seeking an amendment to the decree, the trial court should have treated it as a motion to vacate and exercised its discretion as required by ORS 18.160 which provides:

> "The court may, in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, decree, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

In remanding for further proceedings, we do not purport to decide whether it would or would not be an abuse of discretion to deny the motion. We hold merely that the motion should have been treated as a motion to vacate and the trial court must exercise discretion in accordance with the standards set forth in ORS 18.160.

Reversed and remanded.

---

bequeathed or devised to them respectively, less taxes, ordinary repairs, and other expenses of management and operation of the property, and an appropriate portion of interest accrued since the death of the testator and of taxes imposed on income, excluding taxes on capital gains, which accrue during the period of administration."